# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JANUARY 24, 2008
NOT TO BE PUBLISHED

## Supreme Court of Kentucky

2007-SC-000339-MR

DATE 2-14-08 EllAGrowith DC.

S. H.                                                                                    APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                          CASE NUMBER 2007-CA-000230
OLDHAM FAMILY COURT NO. 06-J-000141, 06-J-000142
06-J-000142-001, 06-J-000143, 06-J-000143-001,
06-J-000144 AND 06-J-000144-001


HON. TIMOTHY E. FEELEY, OLDHAM CIRCUIT JUDGE

AND

JOHN R. FENDLEY, OLDHAM COUNTY ATTORNEY;
G. H., MATERNAL GRANDFATHER; AND
D. S., MATERNAL GRANDMOTHER
(REAL PARTIES IN INTEREST)                                          APPELLEES


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**


This matter is before the Court on the Court of Appeals' denial of a petition for a writ of prohibition. Appellant, S. H., sought the writ to bar the Oldham Family Court from granting custody of her children to the children's grandparents as part of a dependency and neglect action. In denying the writ, the Court of Appeals held that the family court had jurisdiction to act as it did. Because this holding was correct, the order of the Court of Appeals is affirmed.

# I. Background

The case relates to dependency, abuse, and neglect proceedings regarding Appellant's children. Appellant has four children who were between the ages of 6 and 12 years old at the time of the family court proceeding and were all fathered by A. Y., who was incarcerated during some of the proceedings and was behind on child support.

On July 26, 2006, Appellant's father, G. H., contacted the Oldham County Police, to report possible danger to the children. The officer who took the call filled out a form titled "CHILD ABUSE, ADULT ABUSE, AND DOMESTIC ABUSE STANDARD REPORT." The form described the nature of the complaint as "PHYSICAL ABUSE/NEGLECT (CHILD)" and included the following narrative:

> Received call from father stating that his daughter "perp" was intoxicated and driving with her daughter [C.] in the vehicle. Father stated that [S.H.] has an alcohol problem and recently exited a treatment program in Alabama. Officer put out an attempt to locate subject & her vehicle. Officer advised parent to petition court for custody of children. Father also advised [S.H.] has a drug habit. Please follow up on this case. Perp does not have an address other than her parents. Perp's license is suspended.

A copy of the form was sent to the Cabinet for Health and Family Services on July 26, 2006.

On July 27, 2006, G.H. went to the Oldham County Attorney and claimed that Appellant's children were not safe with her. The county attorney filled out a complaint of neglect and abuse of Appellant's children, the grounds for which were G. H.'s claims that Appellant was "virtually homeless," was using drugs and alcohol, and was a "threat to drive with [the children] while under the influence" and that it was "not safe for [the children] to live with their mother." Later that day (a Thursday), the trial court entered an emergency custody order placing the children in the custody of Appellant's parents and

setting the matter for a temporary removal hearing on July 31, 2006, the following Monday. A copy of the order was served on Appellant on July 29, 2006.

The county attorney, Appellant's mother, and a guardian ad litem for the children were present at the temporary removal hearing; Appellant did not appear and no counsel was appointed for her at that time. The family court entered an order keeping temporary custody with Appellant's parents. The order included findings of fact that the children's father was incarcerated, that Appellant was in the hospital following a "DUI accident," and that the children were dependent. The order also indicated that reasonable efforts had been made to prevent removal, but that there were no less restrictive alternatives to removal based on evidence (in the form of testimony from Appellant's mother) that there were reasonable grounds to believe that it would be contrary to the children's welfare if they were to be returned to the custodial control or supervision of Appellant and that she was unable or unwilling to protect the child at that time. In support of the continued removal of the children, the court specifically found that the "children need [the] stability offered by [the] grandparents as [their] mother recuperates and rehab[ilitates]." Finally, the order set an adjudication hearing for September 14, 2006.

The family court appointed counsel for Appellant on August 11, 2006. Appellant and her counsel were present at the September adjudication hearing. Also present at the hearing was a representative from the Cabinet who stated that the agency had had no involvement since the temporary removal in July and that there was no file currently open. The court ordered the Cabinet to open a file, to perform a home evaluation of Appellant, and to set counseling for the children. The children were left in the custody of the Appellant's parents based on the court's finding that Appellant had alcohol and

3

substance abuse problems and provided unstable living conditions. (Testimony at the hearing indicated that the children's father was no longer incarcerated, though the court's order does not mention his status.) The order also indicated that the Cabinet was to file a predispositional investigation report of its recommendations concerning disposition of the children prior to the disposition hearing, which was set for November 2, 2006 (and was later continued until December 14, 2006).

At the disposition hearing, the Cabinet indicated that no services had been provided to Appellant, that the home evaluation had not been performed because Appellant had no housing, and that it had not prepared a written report. However, the Cabinet representative orally recounted the results of her investigation. Appellant's counsel did admit that her client was not yet able to take custody because she did not have housing. The family court ordered that the children remain in the custody of Appellant's parents until Appellant could demonstrate a stable home and employment and that Appellant was to cooperate with the Cabinet in any treatment or social service program. To support the ruling, the court found that the children needed protection and reasonable efforts were made to prevent their removal but that there were no less restrictive alternatives because of Appellant's continued substance abuse. The court's order also included a finding that it had received a predispositional investigation report from the Cabinet (presumably referring to the Cabinet representative's oral statements as no written report was filed at that time). At the hearing, the court stated that a permanency review would occur in the future after the completion of a home evaluation and expressed hope that Appellant would be able to get her life and affairs in sufficient order to allow her to regain custody of her children.

4

Appellant filed a petition for a writ of prohibition with the Court of Appeals seeking to bar enforcement of the family court's order. Appellant claimed that the family court had proceeded without jurisdiction because the requirements of the dependency and neglect statutes had not been met, specifically in that the Cabinet was not involved as required by KRS 620.040(1)(a), which requires that the Cabinet be notified of any report of abuse or neglect. Appellant also cited KRS 620.040(1)(b), which requires that the Cabinet "immediately make an initial determination as to the risk of harm and immediate safety of the child" and that it investigate the allegations or accept the report if appropriate, and KRS 620.050(4), which requires that the Cabinet begin an investigation or assessment of family needs, take necessary action, and offer protective services upon receiving a report of abuse, neglect, or dependency. Appellant argued that these statutes require the involvement of the Cabinet, but that such involvement did not begin until 45 days after the initial report.

The Court of Appeals denied the writ, noting that Appellant's counsel indicated at the disposition hearing that she was not yet able to take custody (despite her request in the writ petition for immediate return of her children); that the family court had sought the involvement of the Cabinet as early as the adjudication hearing and Appellant had not objected to any lack of its involvement prior to that time; that the Cabinet had been unable to perform the home evaluation because Appellant was homeless; and that the family court had ordered the Cabinet to make recommendations and referrals for Appellant and had indicated that the completion of a home evaluation would trigger permanency review. The Court of Appeals also noted that the family court had stressed that the goal was to return the children to Appellant, but that she had a duty to show she was ready to get them back. Based on this, the Court of Appeals held that Appellant

5

had failed to show that the family court had acted without jurisdiction and that she was entitled to relief.

The writ petition having been an original action in the Court of Appeals, this appeal followed as a matter of right. Ky. Const. § 115; CR 76.36(7)(a).

## II. Analysis

### A. The Writ Standard

The writ of prohibition is extraordinary in nature, and the courts of this Commonwealth "have always been cautious and conservative both in entertaining petitions for and in granting such relief." Bender v. Eaton, 343 S.W.2d 799, 800 (Ky. 1961); see also Buckley v. Wilson, 177 S.W.3d 778, 780 (Ky. 2005) ("Extraordinary writs are disfavored . . . ."). This policy is reflected in the requirement that petitioners are required to satisfy one of two tests to determine whether the remedy of a writ is even available. Those tests, which essentially break writs down into two distinct classes, are as follows:

> A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

Hoskins v. Maricle, 150 S.W.3d 1, 10 (Ky. 2004).

Appellant seeks a writ only under the first class, meaning she must show that the family court is acting or about to act without jurisdiction. However, even upon such a showing, whether to grant the writ is in the sound discretion of the Court. See id. at 9 ("[U]nder Chamblee and Bender, whether to issue a writ was always discretionary, even when the trial court was acting outside its jurisdiction.").

6

## B. Jurisdiction

In this appeal, the Appellant claims that the family court lacked jurisdiction to order the removal of her children in this matter because the Cabinet was not immediately notified of the reported abuse and neglect as required by KRS 620.040(1)(a), did not immediately make an initial determination of risk of harm to the children and provide family support as required by KRS 620.040(1)(b), and did not provide services to her (as the parent) as discussed in KRS 620.130(2). Appellant claims that the spirit of this statutory scheme requires both notification of and extensive involvement (in the form of services to the parent and children) by the Cabinet from the beginning of any proceedings in order for the family court to have jurisdiction in a dependency and neglect proceeding. Specifically, Appellant claims the family court failed to follow the statutes because the county attorney did not notify the Cabinet when the complaint was filed by Appellant's father and the Cabinet's involvement was limited at best (consisting primarily of being ordered to do a home study, which ultimately was not performed because of Appellant's lack of housing).[1]

To begin with, it appears that at least some of Appellant's assertions of failures to comply with KRS Chapter 620 are correct. While the initial report of the alleged abuse and neglect that was taken by the Oldham County Police was sent to and received by the Cabinet, the county attorney failed to separately notify the Cabinet of the children's grandfather's subsequent report of abuse and neglect on July 27. Insofar as the county

---

[1] Appellant's brief also includes a claim of denial of due process in failing to comply with the dependency and neglect statutes. A denial of due process is different than a lack of jurisdiction and therefore is insufficient grounds for the issuance of a writ of prohibition under the Hoskins first class. Moreover, this claim was not raised in the petition for the writ at the Court of Appeals. As such, it would be an inappropriate ground to order the writ on appeal.

attorney failed to notify the Cabinet of this report, it failed to comply with KRS 620.040(1)(a). It also appears that the Cabinet failed to investigate the matter upon receipt of the initial report as required by KRS 620.040(1)(b) and to follow up with services as required elsewhere in KRS Chapter 620.

This, however, does not answer the question whether the family court acted within its jurisdiction. Though it is not specifically contested, the court appears to have had personal jurisdiction over Appellant, since she was given proper service on July 29, 2006, giving her sufficient notice to appear at the temporary removal hearing two days later. The family court also had general subject matter jurisdiction over the type of case, KRS 23A.100(2)(c), and this specific case due to the filing of the complaint pursuant to KRS 620.070. See also KRS 610.10(1)(e) (granting exclusive jurisdiction over any child "living or found within the county . . . who allegedly . . . [i]s dependent, neglected, or abused . . . ."). The basic elements required to establish jurisdiction in the family court over the dependency and neglect action were present.

Moreover, the family court followed all the steps required of it. It granted the emergency removal order on July 27, 2006, upon the filing of the grandfather's complaint earlier that day, KRS 620.060, held a temporary removal hearing within 72 hours (exclusive of the weekend that intervened), KRS 620.080, and made the necessary findings of fact to support its orders. Counsel was then appointed for Appellant, KRS 620.100(1)(b), and her children, KRS 620.100(1)(b). The court then held an adjudicatory hearing, KRS 620.100(2) and (3), and a later dispositional hearing, KRS 620.140, at which Appellant admitted she was unable to take custody of the children because she was then homeless and at which the family court left open the question of the future custody of the children. The family court complied with its

8

statutory duties and employed a remedy—temporary removal—expressly provided for in the statutes. In so doing, it acted well within its jurisdiction.

Finally, and perhaps most importantly, performance of statutory duties by the county attorney and the Cabinet is not a precondition for the family court's exercise of jurisdiction. While failures to perform those duties might support a due process or other claim (if properly raised before the trial court and subsequent appellate court), they cannot deprive the family court of jurisdiction to act. As such, they are insufficient grounds for issuing a writ of prohibition.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Jean Kelley Cunningham
409 Washington Street
Shelbyville, Kentucky 40065


TIMOTHY EDWARD FEELEY, APPELLEE
Old Circuit Court Family Division
100 West Main Street
Oldham County Courthouse
LaGrange, Kentucky 40031


JOHN R. FENDLEY, APPELLEE
Oldham County Attorney
100 West Jefferson Street
LaGrange, Kentucky 40031